Slip Op. 21-51

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HUSTEEL CO., LTD., <br><br> Plaintiff, <br><br> and <br><br> SEAH STEEL CORPORATION, HYUNDAI STEEL COMPANY, and NEXTEEL CO., LTD., <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> WHEATLAND TUBE COMPANY, <br><br> Defendant-Intervenor. | Before: Jennifer Choe-Groves, Judge <br><br> Consol. Ct. No. 19-00107 |

## OPINION AND ORDER

[Granting Defendant's motion for partial voluntary remand and sustaining in part and remanding in part the U.S. Department of Commerce's remand results in the 2016–2017 administrative review of the antidumping duty order on circular welded non-alloy steel pipe from the Republic of Korea.]

Dated: May 3, 2021

Donald B. Cameron, Julie C. Mendoza, R. Will Planert, Brady W. Mills, Mary S.

Hodgins, Eugene Degnan, Edward J. Thomas, III, Jordan L. Fleischer, and Nicholas C. Duffey, Morris, Manning & Martin LLP, of Washington, D.C., for Plaintiff Husteel Co., Ltd.

Jeffrey M. Winton and Amrietha Nellan, Winton & Chapman PLLC, of Washington, D.C., for Consolidated Plaintiff SeAH Steel Corporation.

Robert G. Gosselink and Jarrod M. Goldfeder, Trade Pacific PLLC, of Washington, D.C., for Consolidated Plaintiff Hyundai Steel Company.

J. David Park, Henry D. Almond, Daniel R. Wilson, Leslie C. Bailey, and Kang Woo Lee, Arnold & Porter Kaye Scholer LLP, of Washington, D.C., for Consolidated Plaintiff NEXTEEL Co., Ltd.

Patricia M. McCarthy, Assistant Director, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, of Washington, D.C., for Defendant United States. With her on the brief were Brian M. Boynton, Acting Assistant Attorney General, and Jeanne E. Davidson, Director. Of counsel on the brief was Elio Gonzalez, Senior Attorney, U.S. Department of Commerce, Office of the Chief Counsel for Trade Enforcement & Compliance.

Roger B. Schagrin, Elizabeth J. Drake, and Christopher T. Cloutier, Schagrin Associates, of Washington, D.C., for Defendant-Intervenor Wheatland Tube Company.

Choe-Groves, Judge: Plaintiff Husteel Co., Ltd. ("Husteel") and Consolidated Plaintiffs SeAH Steel Corporation ("SeAH"), Hyundai Steel Company ("Hyundai Steel"), and NEXTEEL Co., Ltd. ("NEXTEEL"), (collectively, "Plaintiffs"), filed this consolidated action challenging the final results published by the U.S. Department of Commerce ("Commerce") in the 2016–2017 administrative review of the antidumping duty order on circular welded non-alloy steel pipe ("CWP") from the Republic of Korea ("Korea"). See Circular Welded Non-Alloy Steel Pipe From the Republic of Korea ("Final Results"), 84

Fed. Reg. 26,401 (Dep't Commerce June 6, 2019) (final results of admin. review; 2016–2017);[1] see also Issues and Decision Mem. for the Final Results of the 2016–2017 Admin. Review of the Antidumping Duty Order on Circular Welded Non-Alloy Steel Pipe from the Republic of Korea, PD 173 (May 30, 2019) ("Final IDM").  Before the court are the Final Results of Redetermination Pursuant to Court Order, ECF Nos. 47-1, 48-1 ("Remand Results"), which the court ordered in Husteel Co. v. United States ("Husteel I"), 44 CIT __, 476 F. Supp. 3d 1363 (2020), and Defendant's Motion for Partial Voluntary Remand, ECF No. 56 ("Defendant's Motion" or "Def. Mot.").

    Plaintiffs assert that the facts and Commerce's analysis and explanations on remand with respect to its particular market situation determinations and adjustments are essentially identical to those in its remand results in the 2016–2017 administrative review of the antidumping duty order covering circular welded carbon steel pipes and tubes from Thailand, and urge the court to follow its decision in Saha Thai Steel Pipe Public Co. v. United States ("Saha Thai II"), 44 CIT __, 487 F. Supp. 3d 1323 (2020) (remanding the remand results in the 2016–2017 administrative review of the antidumping duty order covering circular welded carbon steel pipes and tubes from Thailand).  See Pl. Husteel Co., Ltd.'s

---

[1] Citations to the administrative record reflect the public record ("PD") document numbers.

Comments Redetermination Pursuant Ct. Remand Order at 2–6, ECF No. 51 ("Husteel Cmts."); Comments Consol. Pl., Hyundai Steel Company, Commerce's Remand Redetermination at 4–7, ECF No. 52 ("Hyundai Cmts."); Comments SeAH Steel Corporation Commerce's Dec. 17, 2020, Redetermination at 4–6, ECF No. 53 ("SeAH Cmts."); Remand Comments Consol. Pl. NEXTEEL Co., Ltd. at 1–2, ECF No. 54 ("NEXTEEL Cmts.").[2] Hyundai Steel contends that Commerce's decision to base normal value on constructed value is contrary to the law because Commerce did not explain under 19 U.S.C. § 1677(15)(C) how a "particular market situation prevents a proper comparison [of] the export price or constructed export price" with normal value based on home market sales, or determine under 19 U.S.C. § 1677b(a)(4) that "the normal value of the subject merchandise cannot be determined." Hyundai Cmts. at 9–12; see also Husteel Cmts. at 5–6. Hyundai Steel argues that on remand Commerce made a "sales-based" particular market situation determination (rather than a "cost-based" particular market situation determination as Commerce had made in the Final Results), despite the fact that no party made a market viability allegation and interested parties were not given the opportunity to respond pursuant to 19 C.F.R. § 351.301(c)(2). Hyundai Cmts. at 8–9. Defendant-Intervenor Wheatland Tube Company ("Wheatland") did not file

---

[2] NEXTEEL concurs with, refers to, and incorporates by reference Hyundai Steel's and Husteel's arguments, and does not make any independent arguments. NEXTEEL Cmts. at 1–2.

comments.

On March 12, 2021, Defendant United States ("Defendant") filed Defendant's Motion, requesting that the court remand partially the Remand Results for Commerce "to reconsider its approach of basing normal value on constructed value and making certain particular market situation adjustments to the respondents' costs when calculating constructed value" "in light of *Saha Thai II*." Def. Mot. at 6, 5. Defendant asks the court to sustain Commerce's determination on remand that Hyundai Steel and Hyundai Steel (Pipe Division) are the same legal entity. Def.'s Resp. Comments Remand Redetermination at 2, 4, ECF No. 57.

For the following reasons, the court sustains in part and remands in part the Remand Results.

## ISSUES PRESENTED

The court reviews the following issues:

1. Whether remand is warranted on the particular market situation issue; and

2. Whether Commerce's treatment of Hyundai Steel and Hyundai Steel (Pipe Division) as a single entity is supported by substantial evidence.

## BACKGROUND

The court presumes familiarity with the facts and procedural history as set forth in its prior opinion and recounts the facts relevant to the court's review of the

Remand Results. See Husteel I, 44 CIT at __, 476 F. Supp. 3d at 1367–68.

In its request for review, Wheatland included Hyundai Steel (Pipe Division) in its list of proposed respondents and did not separately include Hyundai Steel. Wheatland's Req. for Admin. Review at 3, PD 4 (Nov. 30, 2017) ("Wheatland's Request for Administrative Review" or "Wheatland Req."). Hyundai Steel and Hyundai Steel (Pipe Division) were identified separately in the Initiation of Antidumping and Countervailing Duty Administrative Reviews ("Initiation Notice"), 83 Fed. Reg. 1329, 1331 (Dep't Commerce Jan. 11, 2018).

In the Final Results, Commerce assigned weighted-average dumping rates of 10.91% for Husteel, 8.14% for Hyundai Steel, and the all-others rate of 9.53% for NEXTEEL and Hyundai Steel (Pipe Division). Final Results, 84 Fed. Reg. at 26,402. Commerce determined that a particular market situation existed in Korea that distorted the cost of production of CWP based on the cumulative impact of four factors, namely: (1) Korean subsidies of hot-rolled steel coil; (2) Korean imports of hot-rolled steel coil from China; (3) strategic alliances between Korean hot-rolled steel coil producers and Korean CWP producers; and (4) distortions in the Korean electricity market. Final IDM at 6, 12–14. Commerce applied an upward adjustment to the cost of production for purposes of the sales-below-cost test based on subsidy rates of hot-rolled steel coil from POSCO v. United States, 43 CIT __, 378 F. Supp. 3d 1348 (2019). See Final IDM at 5, 18 (citing Certain

<u>Hot-Rolled Steel Flat Products From the Republic of Korea</u>, 81 Fed. Reg. 53,439 (Dep't Commerce Aug. 12, 2016) (countervailing duty investigation final affirmative determination), <u>amended by</u> 81 Fed. Reg. 67,960 (Dep't Commerce Oct. 3, 2016)). Commerce conducted a sales-below-cost test and disregarded certain below-cost home market sales. <u>See</u> Decision Mem. for the Prelim. Results of Antidumping Duty Admin. Review: Circular Welded Non-Alloy Steel Pipe from the Republic of Korea: 2016–2017 at 21, PD 135 (Dec. 3, 2018) ("Prelim. DM"); Final IDM at 3 (noting that Commerce used the same calculation methodology for the <u>Final Results</u> as explained in the Prelim. DM). Commerce calculated normal value from the remaining above-cost home market sales for mandatory respondents Hyundai Steel and Husteel. Prelim. DM at 21.

  The court remanded the <u>Final Results</u> in <u>Husteel I</u>, concluding that Commerce's adjustment to the cost of production for purposes of the sales-below-cost test pursuant to 19 U.S.C. § 1677b(b)(1) and Commerce's cost-based particular market situation determination under 19 U.S.C. § 1677b(e) were not in accordance with the law because 19 U.S.C. § 1677b(e) applies only when Commerce bases normal value on constructed value. <u>Husteel I</u>, 44 CIT at __, 476 F. Supp. 3d at 1373–74, 1377.

  Commerce filed the <u>Remand Results</u> on December 17, 2020 under protest. <u>Remand Results</u> at 1, 6. Commerce maintained its determination that a particular

market situation distorted the cost of production. Id. at 7–8. Commerce did not conduct the sales-below-cost test because, it explained, the sales-below-cost test would not be "meaningful" without an adjustment to the cost of production to account for the particular market situation. Id. at 7. Instead, Commerce made a particular market situation determination under 19 U.S.C. § 1677(15)(C), stating that the distorted cost of production prevented a proper comparison between home market sales and export prices. Id. "[A]bsent the ability to determine whether the comparison market sales were made within the ordinary course of trade," on remand Commerce based normal value on constructed value under 19 U.S.C. § 1677b(a)(4) for each respondent. Id. at 7, 9. In calculating constructed value, Commerce made a cost-based particular market situation determination under 19 U.S.C. § 1677b(e) and adjusted the cost of production as an alternative calculation methodology. Id. at 8–9.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction under 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c), which grant the court authority to review actions contesting the final results of an administrative review of an antidumping duty order. The court will uphold Commerce's determinations unless they are unsupported by substantial record evidence or are otherwise not in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i). The court reviews also determinations made on remand for

compliance with the court's remand order. Ad Hoc Shrimp Trade Action Comm. v. United States, 38 CIT __, __, 992 F. Supp. 2d 1285, 1290 (2014), aff'd, 802 F.3d 1339 (Fed. Cir. 2015).

## DISCUSSION

### I. Partial Remand

Defendant asks the court to remand partially the Remand Results for Commerce to reconsider its decisions to base normal value on constructed value and make certain particular market situation adjustments to the cost of production when calculating constructed value in light of the subsequent issuance of this court's December 21, 2020 Saha Thai II decision. Def. Mot. at 1–2, 6. Defendant notes that Plaintiffs cited Saha Thai II in their respective comments to the Remand Results. Id. at 4 (citing Husteel Cmts. at 2–6; Hyundai Cmts. at 4–7; SeAH Cmts. at 4–6; NEXTEEL Cmts. at 1 (incorporating by reference Husteel's and Hyundai Steel's arguments)). Defendant represents that the request is made in good faith and out of a substantial and legitimate concern. Id. at 5. Hyundai Steel does not oppose Defendant's Motion. Resp. Consol. Pl., Hyundai Steel Company, Def.'s Mot. Voluntary Remand at 1, ECF No. 60. No other party filed a response to Defendant's Motion.

The U.S. Court of Appeals for the Federal Circuit has recognized that an agency may seek a remand if an intervening event outside of the agency's control,

such as the issuance of a new legal decision or the passage of new legislation, may affect the validity of the agency action.  SKF USA, Inc. v. United States, 254 F.3d 1022, 1028–29 (Fed. Cir. 2001) (citing Ethyl Corp. v. Browner, 989 F.2d 522, 524 (D.C. Cir. 1993) ("We commonly grant such motions, preferring to allow agencies to cure their own [determinations] rather than [consuming] the courts' and the parties' resources . . . .")) (other citations omitted).

Plaintiffs and Defendant agree that the facts and Commerce's actions and explanations on remand in the instant case are analogous to the facts and Commerce's actions and explanations in Saha Thai II.  See Husteel Cmts. at 2–6; Hyundai Cmts. at 4; SeAH Cmts. at 4–5; Def. Mot. at 4.  In Saha Thai II, which the court issued after Commerce filed the Remand Results in this case, the court discussed Commerce's decision to base normal value on constructed value after disregarding all of the respondents' home market sales as outside the ordinary course of trade under 19 U.S.C. § 1677(15)(C) without conducting the sales-below-cost test because Commerce determined that the sales-below-cost test would not be "meaningful" without an adjustment to the cost of production to account for the alleged particular market situation.  Saha Thai II, 44 CIT at __, 487 F. Supp. 3d at 1330–35; see generally Saha Thai Steel Pipe Pub. Co. v. United States, 43 CIT __, __, 422 F. Supp. 3d 1363, 1368–70 (2019) (concluding that an adjustment to the cost of production for purposes of the sales-below-cost test is not in accordance

with the law). The court concluded that Commerce's exclusion of home market sales without conducting the sales-below-cost test to affirmatively confirm that sales were made below the cost of production as required by 19 U.S.C. § 1677b(b)(1) was not in accordance with the law. Saha Thai II, 44 CIT at __, 487 F. Supp. 3d at 1331–32. The court concluded further that the statute did not authorize Commerce to exclude home market sales under 19 U.S.C. § 1677(15)(C) when Commerce had conceded that "it had not considered whether a particular market situation existed in the home market for the sale of the foreign like product such that home market sales cannot be used as the basis for normal value." Id. at __, 487 F. Supp. 3d at 1332 (brackets and internal quotation marks omitted).

It is undisputed that Saha Thai II was issued after Commerce published the Remand Results and that Commerce's determinations that were discussed in Saha Thai II are analogous to Commerce's determinations in the Remand Results. The court concludes that the issuance of Saha Thai II is an intervening event that may affect the validity of Commerce's Remand Results and remands Commerce's particular market situation determinations and adjustments for reconsideration.

**II.　Treatment of Hyundai Steel (Pipe Division)**

In Husteel I, the court remanded Commerce's treatment of Hyundai Steel and Hyundai Steel (Pipe Division) as separate entities for reconsideration in light of record documents appearing to support a determination that Hyundai Steel (Pipe

Division) is a component of Hyundai Steel's Ulsan factory, not a separate entity. Husteel I, 44 CIT at __, 476 F. Supp. 3d at 1376–77. Commerce determined on remand that the record did not support a distinction between Hyundai Steel and Hyundai Steel (Pipe Division) and that they "should be treated as a single entity for cash deposit and suspension of liquidation purposes upon the conclusion of litigation." Remand Results at 2, 12–13, 26. No party opposed.

On remand, Commerce determined that the record did not support separate entity treatment of Hyundai Steel and Hyundai Steel (Pipe Division). Id. at 12. Commerce observed that the headquarters address provided by Hyundai Steel and the headquarters address for Hyundai Steel (Pipe Division) provided in Wheatland's Request for Administrative Review were the same address. Id. at 12 & n.46 (citing Wheatland Req. at 3, Hyundai's Section A Questionnaire Resp. Ex. A-3, PD 30–42 (Mar. 20, 2018)). Commerce noted also that Hyundai Steel referred in its questionnaire responses to its "pipe division" in Ulsan. Id. at 12 & n.48;[3] see Hyundai's Section B–D Questionnaire Resps. at D-28, PD 62 (Apr. 17, 2018)). Commerce determined from review of the record that Hyundai Steel and Hyundai Steel (Pipe Division) were the same legal entity. Id. at 2, 12, 26.

---

[3] Commerce cited Exhibit A-2 of Hyundai Steel's Section A Questionnaire Response and pages B-7 and D-25 of Hyundai Steel's Section B, C, and D Questionnaire Responses, which were not included in the Joint Appendix filed with the court. See Remand Results at 12 nn.47–48. The court reviewed the documents cited by Commerce that were included in the Joint Appendix.

Commerce's determination that Hyundai Steel (Pipe Division) is a component of Hyundai Steel is reasonable based on record evidence reflecting Hyundai Steel's references to its pipe division in Ulsan and the same address provided for the headquarters of Hyundai Steel and Hyundai Steel (Pipe Division). The court concludes that Commerce's decision to recognize Hyundai Steel and Hyundai Steel (Pipe Division) as a single entity and assign a single dumping margin is reasonable and complies with the court's order in Husteel I.

## CONCLUSION

The court remands Commerce's particular market situation determinations and adjustments. The court sustains Commerce's treatment of Hyundai Steel and Hyundai Steel (Pipe Division) as a single entity.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Partial Voluntary Remand, ECF No. 56, is granted; and it is further

**ORDERED** that the Remand Results are remanded for Commerce to reconsider its particular market situation determinations and adjustments in light of caselaw from this Court; and it is further

**ORDERED** that this action will proceed according to the following schedule:

1. Commerce shall file the second remand results on or before June 30,

2021;

2. Commerce shall file the administrative record on or before July 14, 2021;

3. Comments in opposition to the second remand results shall be filed on or before August 13, 2021;

4. Comments in support of the second remand results shall be filed on or before September 13, 2021; and

5. The joint appendix shall be filed on or before September 27, 2021.

                                                      /s/ Jennifer Choe-Groves
                                                      Jennifer Choe-Groves, Judge

Dated:    May 3, 2021
          New York, New York