A-580-809<br>
Remand<br>
Slip Op. 21-51<br>
POR:  11/01/2016-10/31/2017<br>
**Public Document**<br>
E&C/OI:  TP

*Husteel Co., Ltd., et al. v. United States,*
**Court No. 19-00107, Slip Op. 21-51 (CIT May 3, 2021)**

**FINAL RESULTS OF REDETERMINATION
PURSUANT TO COURT REMAND**

**I.      SUMMARY**

The U.S. Department of Commerce prepared these final results of redetermination pursuant to the remand order of the United States Court of International Trade (the CIT) in *Husteel II*.[1] This litigation pertains to the 2016-2017 antidumping duty administrative review of circular welded non-alloy steel pipe from the Republic of Korea (Korea).[2]

In *Husteel II*, the CIT granted Commerce's request for a partial voluntary remand due to the intervening event of *Saha Thai II*.[3]  In *Saha Thai II*, the CIT held that "Commerce's exclusion of home market sales due to distortions in the cost of production is not authorized by statute," and found that "Commerce had not met the precondition of calculating constructed value when it made a particular market situation determination based on distorted cost of production."[4] Because Commerce adjusted its cost of production calculations in the first remand in this case to account for the particular market situation using the same methodology which the CIT found was

---

[1] *See Husteel Co., Ltd., et al. v. United States*, Consol. Court No. 19-00107, Slip Op. 21-51 (CIT May 3, 2021) (*Husteel II*).
[2] *See Circular Welded Non-Alloy Steel Pipe from the Republic of Korea:  Final Results of Antidumping Duty Administrative Review; 2016-2017*, 84 FR 26401 (June 6, 2019) (*Final Results*), and accompanying Issues and Decision Memorandum (IDM).
[3] *See Saha Thai Steel Pipe Pub. Co. Ltd. v. United States*, 487 F. Supp. 3d 1323 (CIT 2020) (*Saha Thai II*).
[4] *Id.* at 1331, 1334.

not authorized in *Saha Thai II*, Commerce requested a partial voluntary remand on this issue.[5] In granting Commerce's request, the CIT remanded "for Commerce to reconsider its particular market situation determinations and adjustments in light of caselaw from this Court."[6]

Commerce continues to find that a particular market situation existed in Korea during the period of review that distorted the price of hot-rolled coil, the principal material input for the production of the subject merchandise and a significant component of the cost of production of the subject merchandise. Nevertheless, we consider this issue moot because, as discussed below, Commerce is not making a particular market situation adjustment on remand. In its first remand order in this case, *Husteel I*, the CIT held that Commerce is not permitted to make a particular market situation adjustment to the cost of production as an alternative calculation methodology when using normal value based on home market sales, and that Commerce cannot adjust cost of production for purposes of the sales-below-cost test.[7] Because there is no other alternative for Commerce to make a particular market situation adjustment, under respectful protest,[8] we recalculated the weighted-average dumping margins of the mandatory respondents Hyundai Steel Company and Husteel Co. Ltd, with no adjustment to account for the particular market situation that has been found to have existed during the period of review. We calculated the average of the mandatory respondents' recalculated rates and applied it to the non-examined companies which are parties to this litigation: SeAH Steel Corporation and NEXTEEL Co., Ltd.

On May 26, 2021, Commerce released Draft Results of Redetermination and provided opportunity for parties to comment.[9] On June 2, 2021, Commerce received comments on the

---

[5] *See Husteel II* at 9-11.
[6] *Id.* at 13.
[7] *See Husteel Co., Ltd., et al. v. United States*, 476 F. Supp. 3d 1363, 1370-73 (CIT 2020) (*Husteel I*).
[8] *See Viraj Group, Ltd. v. United States*, 343 F.3d 1371 (Fed. Cir. 2003).
[9] *See* "*Husteel Co., Ltd., et al. v. United States*, Court No. 19-00107, Slip Op. 21-51 (CIT May 3, 2021) Draft Results of Redetermination Pursuant to Remand," dated May 26, 2021 (Draft Results of Redetermination).

Draft Results of Redetermination from Husteel Co. Ltd., Hyundai Steel Company, and NEXTEEL Co., Ltd.[10]

## II. DRAFT RESULTS OF REDETERMINATION

In accordance with the CIT's remand orders in *Husteel I* [11] and *Husteel II*,[12] Commerce recalculated the weighted-average dumping margins of the mandatory respondents without making an adjustment to account for the particular market situation concerning the input costs for hot-rolled steel.[13] Although Commerce voluntarily requested this remand, we are filing this redetermination under protest of the CIT's holding in *Husteel I* because, consistent with section 771(15)(C) of the Tariff Act of 1930, as amended (the Act), in the *Final Results,* Commerce found that a cost-based particular market situation existed during the period of review, which distorted the cost of hot-rolled coil used in the production of the merchandise in Korea.[14] Specifically, the fact that a particular market situation exists remains, yet under the CIT's holding, Commerce appears to have no remedy available to it under the Act to address that particular market situation, is concerning.

Under section 504 of the Trade Preferences Extension Act of 2015, Congress provided that, when Commerce determines that a cost-based particular market situation exists, Commerce may, in accordance with section 773(e) of the Act, remedy the cost-based particular market situation through "any other calculation methodology." Here, Commerce found the existence of a

---

[10] *See* Husteel Co. Ltd.'s Letter, "Circular Welded Non-Alloy Steel Pipe from South Korea: Comments on the Department's Draft Second Remand Results," dated June 2, 2021 (Husteel Comments); *see also* Hyundai Steel Company's Letter, "Circular Welded Non-Alloy Steel Pipe from the Republic of Korea: Comments on Draft Remand Results," dated June 2, 2021 (Hyundai Steel Comments); and NEXTEEL Co., Ltd.'s Letter, "Circular Welded Non-Alloy Steel Pipe from the Republic of Korea: Comments on Draft Remand Redetermination," dated June 2, 2021 (NEXTEEL Comments).
[11] *See Husteel I*, 476 F. Supp. 3d at 1377.
[12] *See Husteel II* at 13.
[13] We also recalculated the margins of the non-examined companies subject to this litigation based on the mandatory respondents' rates.
[14] *See* IDM at Comment 1.

particular market situation in Korea that resulted in distortions in the Korean market for hot-rolled coil. Yet, despite the clear intent of Congress for Commerce to remedy a particular market situation which may distort the costs of particular inputs used to produce the foreign like product and subject merchandise, including when certain U.S. sale prices are compared with normal value based on constructed value, the CIT, in *Husteel I*, found that "{t}he statute does not authorize Commerce to adjust the cost of production as an alternative calculation methodology when using normal value based on home market sales" and that "{t}he statute also does not authorize Commerce to adjust the cost of production for purposes of the sales-below-cost test…."[15] Commerce, thus, in accordance with the CIT's order in *Husteel I*, and the CIT's holdings in *Saha Thai II* and *Husteel II*, is unable on remand to provide a remedy to address the particular market situation found in this administrative review, contrary to the statutory intent of Congress.[16] This includes making an adjustment to the cost of production for the sales-below-cost test, as well as an adjustment to constructed value for normal value. For this reason, we are filing this redetermination with the CIT under respectful protest.

### III.   COMMENTS ON DRAFT RESULTS OF REDETERMINATION

*Korean Parties' Comments*[17]

- The Draft Results of Redetermination fully comply with the CIT's remand order in *Husteel II* by recalculating the weighted-average dumping margin without any particular market situation adjustment to the mandatory respondents' reported hot-rolled coil cost,[18] and Commerce should adopt without amendment or modification its Draft Results of

---

[15] *See Husteel I*, 476 F. Supp. 3d at 1373.
[16] *See Altx, Inc. v. United States*, 370 F.3d 1108, 1111 n.2 (Fed. Cir. 2004).
[17] As stated above, comments were filed by Husteel Co., Ltd.; Hyundai Steel Company; and NEXTEEL Co., Ltd.
[18] By extension, the removal of the particular market situation adjustment also affects the weighted-average dumping margins calculated for the non-examined companies that are a party to this litigation.

Redetermination for the purposes of the final results of redetermination pursuant to remand.[19]  However, Hyundai Steel and NEXTEEL note that they maintain opposition to Commerce's finding of a particular market situation[20] and NEXTEEL states that, while it does not support all of Commerce's logic in the Draft Results of Redetermination, Commerce's calculations and results are consistent with the CIT's opinions on the particular market situation issue to date and they should be affirmed in these final results of redetermination.[21]

*Commerce's Position*:

Commerce agrees with the submitted comments that the Draft Results of Redetermination fully comply with the CIT's remand order in *Husteel II*.  We adopt without modification the results therein and maintain our respectful protest for the reasons described in the Draft Results of Redetermination.[22]

## IV.     FINAL RESULTS OF REDETERMINATION

Pursuant to the CIT's remand orders in *Husteel I* and *Husteel II*, Commerce, under respectful protest, recalculated the weighted-average dumping margins for the respondents below without making a cost-based particular market situation adjustment.  Accordingly, the revised weighted-average dumping margins for these companies are listed in the chart below:

---

[19] *See* Husteel Comments at 2; *see also* Hyundai Steel Comments at 1-2; and NEXTEEL Comments at 2-3.
[20] *See* Hyundai Steel Comments at 1-2; NEXTEEL Comments at 2.
[21] *See* NEXTEEL Comments at 2.
[22] *See Viraj Group, Ltd. v. United States*, 343 F.3d 1371 (Fed. Cir. 2003).

| Company | *Final Results* Rate | Remand Rate[23] |
|---|---|---|
| Husteel Co., Ltd. | 10.91% | 6.44% |
| Hyundai Steel Company | 8.14% | 4.82% |
| Non-Examined Companies (SeAH Steel Corporation and NEXTEEL Co., Ltd.) | 9.53% | 5.63% |

6/22/2021

X _James Maeder_

Signed by: JAMES MAEDER

James Maeder
Deputy Assistant Secretary
  for Antidumping and Countervailing Duty Operations

---

[23] *See* Memorandum, "Redetermination Pursuant to Remand: Circular Welded Non-Alloy Steel Pipe from the Republic of Korea; *Husteel Co., Ltd., et al. v. United States*, Court No. 19-00107, Slip Op. 21-51: Draft Results Calculations for Husteel Co., Ltd.," dated May 26, 2021; *see also* Memorandum, "Redetermination Pursuant to Remand: Circular Welded Non-Alloy Steel Pipe from the Republic of Korea; *Husteel Co., Ltd., et al. v. United States*, Court No. 19-00107, Slip Op. 21-51: Draft Results Calculations for Hyundai Steel Company," dated May 26, 2021; and Memorandum, "Redetermination Pursuant to Remand: Circular Welded Non-Alloy Steel Pipe from the Republic of Korea; *Husteel Co., Ltd., et al. v. United States*, Court No. 19-00107, Slip Op. 21-51: Margin Calculations for Respondents Not Selected for Individual Examination," dated May 26, 2021. Calculations are not altered from Draft Results of Redetermination.